UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KEITH KRUEGER and RANDY BREVER, )
)
            Plaintiffs, )
)
v. )
) CIVIL ACTION
) No. 04-4109-CV-C-SOW
NEUBERGER BERMAN MANAGEMENT INC. )
and NEUBERGER BERMAN, LLC, )
)
            Defendants. )
)

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Neuberger Berman Management Inc. ("NB Management") and Neuberger Berman, LLC ("Neuberger Berman") (collectively "the Neuberger Berman Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs' Complaint ("the Complaint") as follows:

### First Defense

1.     Admit that Plaintiffs purport to bring this action as a derivative action on behalf of the Funds[1] under Sections 36(b) and 12(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80a-35(b) and § 80a-12(b), but deny that Plaintiffs have any claim under those sections.

2.     Neither admit nor deny the allegations contained in Paragraph 2 of the Complaint insofar as said allegations constitute conclusions of law.

3.     Deny the allegations contained in Paragraph 3 of the Complaint.

---

[1]     For purposes of this Answer to Plaintiffs' Complaint only, the Neuberger Berman Defendants adopt Plaintiffs' definition of "Funds" as set out in Paragraph 1 of the Complaint.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

5. Deny the allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint.

8. Deny the allegations contained in Paragraph 8 of the Complaint.

9. Deny the allegations contained in Paragraph 9 of the Complaint.

10. Neither admit nor deny the allegations contained in Paragraph 10 of the Complaint insofar as said allegations constitute conclusions of law, and deny the allegations in Paragraph 10 of the Complaint insofar as they purport to be factual, except admit that Congress enacted the Investment Company Act of 1940 in 1940.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Deny the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint, except admit that a majority of the Funds' board of trustees is comprised of trustees who are not interested persons of the Funds (the "Independent Trustees").

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis deny the allegations except admit that prior to 1980 the use of fund assets to sell new fund shares was prohibited.

2

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny the allegations.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Neither admit nor deny the allegations contained in Paragraph 21 of the Complaint insofar as said allegations constitute conclusions of law, and deny the allegations contained in Paragraph 21 of the Complaint insofar as they purport to be factual.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Neither admit nor deny the allegations contained in Paragraph 23 of the Complaint insofar as said allegations constitute conclusions of law, and deny the allegations contained in Paragraph 23 of the Complaint insofar as they purport to be factual.

24. Deny the allegations contained in Paragraph 24 of the Complaint and deny that Plaintiffs are entitled to the relief described therein.

25. Admit the allegations contained in Paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis deny the allegations.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Admit the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint, except admit that NB Management is a New York Corporation and is registered as an investment adviser under the ICA and as a broker-dealer under the laws of Missouri; NB Management is the investment adviser, administrator, distributor, and principal underwriter to each of the Funds; and NB Management is wholly owned by Neuberger Berman Inc.

31. Deny the allegations contained in Paragraph 31 of the Complaint, except admit that Neuberger Berman is a Delaware limited liability corporation and is registered as an investment adviser under the ICA and as a broker-dealer under the laws of Missouri; Neuberger Berman is a sub-adviser to each of the Funds; and Neuberger Berman is wholly owned by Neuberger Berman Inc.

32. Neither admit nor deny the allegations contained in Paragraph 32 of the Complaint insofar as said allegations constitute conclusions of law and respectfully refer the Court to the case described in Paragraph 32 of the Complaint for the exact content and context thereof.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Nether admit nor deny the allegations contained in Paragraph 44 of the Complaint insofar as said allegations constitute conclusions of law, and deny the allegations contained in Paragraph 44 of the Complaint insofar as they purport to be factual.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and on that basis deny the allegations.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Neither admit nor deny the allegations contained in Paragraph 49 of the Complaint insofar as said allegations constitute conclusions of law, and deny the allegations contained in Paragraph 49 of the Complaint insofar as they purport to be factual.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint and respectfully refer the Court to the statute and case described in Paragraph 54 for the exact content and context thereof.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 57 of the Complaint, and on that basis deny the allegations.

58. Deny the allegations contained in Paragraph 58 of the Complaint and the subparagraphs thereof.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Repeat and re-allege the foregoing responses to Paragraphs 1 through 60 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

64. Admit that Plaintiffs seek the relief described in Paragraph 64 of the Complaint, but deny that Plaintiffs are entitled to such relief.

65. Repeat and re-allege the foregoing responses to Paragraphs 1 through 64 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Admit that Plaintiffs seek the relief described in Paragraph 68 of the Complaint, but deny that Plaintiffs are entitled to such relief.

69. Repeat and re-allege the foregoing responses to Paragraphs 1 through 68 of the Complaint.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint

72. Admit that Plaintiffs seek the relief described in Paragraph 72 of the Complaint, but deny that Plaintiffs are entitled to such relief.

73. Repeat and re-allege the foregoing responses to Paragraphs 1 through 72 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint and the subparagraphs thereof.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Admit that Plaintiffs seek the relief described in Paragraph 77 of the Complaint, but deny that Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

The Neuberger Berman Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on the Plaintiffs:

### Second Defense

The Complaint fails to state a claim against the Neuberger Berman Defendants upon which relief can be granted.

### Third Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### Fourth Defense

The Neuberger Berman Defendants did not engage in any conduct which would constitute a breach of fiduciary duty.

7

### Fifth Defense

The claims of Plaintiffs are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Sixth Defense

Plaintiffs have not suffered any losses or damages from their investments in the Funds.

### Seventh Defense

Any injury sustained by Plaintiffs on behalf of the Funds was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

### Eighth Defense

Plaintiffs were fully informed of all material facts concerning investing in the Funds, including the level and calculation of the Funds' adviser's compensation, and knowingly entered into the investment.

### Ninth Defense

At the time Plaintiffs purportedly became shareholders of the Funds, they were or should have been aware that an advisory fee schedule equal to or greater than that now in effect had been approved by a majority of the board of trustees of the Funds. On this basis, Plaintiffs are precluded from maintaining this action on behalf of the Funds.

### Tenth Defense

The Neuberger Berman Defendants acted at all times and in all respects in good faith and with due care.

### Eleventh Defense

The Independent Trustees of the Funds exercised good faith business judgment in approving the management agreements in effect at the time Plaintiffs purportedly became

8

shareholders and in subsequently approving renewals of the management agreements containing the advisory fee schedule currently in effect.

### Twelfth Defense

To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Neuberger Berman Defendants' rights to procedural and substantive due process.

### Thirteenth Defense

Some or all of the Plaintiffs lack standing to bring the claims asserted in the Complaint.

### Fourteenth Defense

The Neuberger Berman Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

* * *

9

Case 2:04-cv-04109-SOW   Document 14   Filed 08/06/04   Page 9 of 11

Dated: August 6, 2004

                Respectfully submitted,

                STINSON MORRISON HECKER LLP

                By: _____/s/ Richard L. Green_____
                    Richard L. Green (Mo. Bar # 35976)
                1201 Walnut Street
                Kansas City, MO 64106
                Telephone: (816) 691-3128
                Facsimile: (816) 691-4208

                *Of Counsel:*

                CLIFFORD CHANCE US LLP
                  James N. Benedict
                  Mark A. Kirsch
                  David L. Cook
                  C. Neil Gray
                31 West 52nd Street
                New York, NY 10019
                Telephone: (212) 878-8000
                Facsimile: (212) 878-8375

                *Attorneys for Neuberger Berman Management Inc. and*
                  *Neuberger Berman, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2004, I filed the foregoing with the Clerk of Court using the CM/ECF system which sends electronic notification of such filing to the following:

Wm. Dirk Vandever
The Popham Law Firm
323 W. 8th Street, Ste. 200
Kansas City, MO 64105
Cwagner@pophamlaw.com

Becky Ferrel-Anton
Johnson, Pope, Bokor, Ruppel & Burns, LLP
100 N. Tampa St., Ste. 1800
Tampa, FL 33602
beckyf@jpfirm.com

and I also hereby certify that I have mailed by United States Postal Service the document to the foregoing CM/ECF participants as well as to the following non CM/ECF participants

Michael J. Brickman
James C. Bradley
Nina H. Fields
Richardson, Patrick, Westbrook & Brickman LLC
174 E. Bay St.
Charleston, SC 29401

Guy M. Burns
Jonathan S. Coleman
Audrey B. Rauchway
Johnson, Pope, Bokor, Ruppel & Burns, LLP
100 N. Tampa St., Ste. 1800
Tampa, FL 33602

/s/ Richard L. Green

11

CCMDOCS 711077v1

Case 2:04-cv-04109-SOW   Document 14   Filed 08/06/04   Page 11 of 11