IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KEITH KRUEGER et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 04-4109-CV-C-SOW |
| vs. ) | |
| ) | |
| NEUBERGER BERMAN MANAGEMENT ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Before the Court is defendants Neuberger Management Inc. and Neuberger Berman, LLC's ("defendants") Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) (Doc. # 15). The motion is fully briefed. For the reasons set forth below, defendants' motion is granted.

This is a derivative action brought by Keith Krueger and Randy Brever ("plaintiffs") pursuant to §§ 36(b) and 12(b) of the Investment Company Act of 1940, 15 U.S.C. §§ 80a-35(b), 80a-12(b), on behalf of the Neuberger Berman Guardian Fund and the Neuberger Berman Genesis Fund. Plaintiffs seek to recover allegedly unlawful and/or excessive advisory and distribution fees paid to defendants by the Guardian and Genesis funds.

Defendants move for a transfer of this case to the Southern District of New York pursuant to 28

U.S.C. § 1404(a).[1] This Court has already granted motions to transfer in two similar actions: Williams v. Waddell & Reed Investment Mgmt. Co., No. 04-4050-CV-C-SOW (slip op. Oct. 7, 2004) (transferred to the District of Kansas) and Fleisher v. Janus Capital Mgmt., No. 04-4062-CV-C-SOW (slip op. Oct. 7, 2004) (transferred to the District of Colorado). The reasons supporting transfer in the Williams and Fleisher cases apply with equal force to this case.

Federal courts have routinely transferred excessive fee actions brought under the Investment Company Act of 1940 to the district where the investment adviser has its principal place of business because that is where the relevant events occurred and that is where the relevant witnesses are located. *See e.g.*, Nelson v. AIM Advisers, Inc., No. 01-CV-0282-MJR, 2002 WL 442189 (S.D. Ill. March 8, 2002); Green v. Fund Asset Mgmt., L.P., No. 96-11276-NG (D. Mass. June 10, 1997); Green v. Nuveen Advisory Corp., No. 96-11277-NG (D. Mass. June 10, 1997).

Here, the defendants' principal offices and the funds' principal place of business are located in or in close proximity to the Southern District of New York. Moreover, the defendants' officers and employees and the funds' officers and trustees live and work in or in close proximity to the Southern District of New York. The essential records and documents relevant to plaintiffs' claims are in or in close proximity to the Southern District of New York, and the conduct complained of occurred in or in close proximity to the Southern District of New York. Finally, only one of the two named plaintiffs resides in the Western District of Missouri, and there is no allegation that either plaintiff possesses any direct knowledge about the material events in this case. For these reasons, this Court finds that this case should be transferred to the

---

[1] 28 U.S.C. § 1404(a) reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

Southern District of New York. Accordingly, it is hereby

ORDERED that defendants Neuberger Management Inc. and Neuberger Berman, LLC's Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) (Doc. # 15) is granted and the above-captioned case is transferred to the United States District Court for the Southern District of New York.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 1-6-05